UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEWELL WILLIAMS, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>CARMELA FELDMAN, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01675-APG-NJK<br><br>**Order (1) Granting the Defendants' Motions to Dismiss, and (2) Denying the Plaintiffs' Pending Motions**<br><br>[ECF Nos. 10, 14, 19, 21, 29, 37, 42, 45] |

    The plaintiffs filed this lawsuit *pro se*, seemingly alleging that some of them were wrongfully evicted from the residence they were leasing. ECF Nos. 2 and 8.  They later filed a "Complaint for Deprivation of Rights," which is filled with nonsensical, quasi-legal jargon and requests some type of "birth certificates of participation or beneficial interest" and "custody without restriction to natural person acting absolute Trustee to" a Michigan State file. ECF No. 9 at 5-6.  In total, the plaintiffs have filed three versions of a complaint, each of which adds parties and claims.  This violates Federal Rules of Civil Procedure 15(a)(1) and (2), which allow a party to amend a pleading once; beyond that requires the permission of the court or the other parties. Because the Plaintiffs are proceeding *pro se* and I am dismissing the complaints, I will overlook this violation for now.

    The plaintiffs also moved for a preliminary injunction and a writ of attachment to restore them to occupancy of their residence and to force the defendants to secure the personal property that was removed from the residence. ECF Nos. 10, 45.  Trying my best to liberally construe the complaints and motions, I interpret this case as an appeal of the Nevada state court's eviction order. *See*, *e.g.*, ECF No. 9 at 6 (The Plaintiffs demand "all Defendant(s) be ordered restoration and restitution for trespasses detailed in [their] Complaint" and motions.).  The defendants

include Atlas NV, LLC (the property manager that allegedly sought the eviction) and various local government entities and officials involved in the eviction process. The defendants now move to dismiss the case.[1] ECF Nos. 14, 29, 37.

**The NLV Defendants' Motion to Dismiss (ECF No. 14)**

The North Las Vegas Police Dept. and North Las Vegas Detention Center (NLV Defendants) move to dismiss because they are not legal entities that can be sued. ECF No. 14. The plaintiffs offer nothing to rebut that. *See* ECF No. 20. The Supreme Court of Nevada has ruled that a department of a municipal government cannot be sued in its own name. *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996); *see also Schneider v. Elko Cnty. Sheriff's Dept.*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998) ("under Nevada law the [Elko County] Sheriff's Department lacks the capacity to be sued"). The North Las Vegas Police Dept. is not an independent legal entity that can be sued. And the North Las Vegas Detention Center is a building, not an entity. I therefore dismiss both of these defendants with prejudice, as the plaintiffs cannot maintain an action against them.

**Defendant Atlas NV, LLC's Motion to Dismiss (ECF No. 29)**

Atlas NV, LLC is allegedly the property manager that orchestrated the plaintiffs' wrongful eviction from the leased premises. The plaintiffs "request Atlas NV, LLC and all Defendant(s) be ordered restoration and restitution for trespasses detailed in [their] Complaint" and motions. ECF No. 9 at 6. The plaintiffs thus seek to overturn the state court's eviction order and be restored to the premises. This relief is barred by the *Rooker-Feldman* doctrine.

---

[1] All of the defendants assert that they have not been properly served under the Federal Rules of Civil Procedure. The plaintiffs have been granted extra time to show proof of service. ECF No. 44. Because this extension has not yet expired, and because I am dismissing the complaint for other reasons, I will not address the service issues in this order.

"[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, the plaintiffs cannot appeal to this federal court to overturn the state court's eviction order. Although the plaintiffs claim they "are in no way attempting to seek [this federal] Court to reverse the judgment declared by the North Las Vegas Township Justice Court," they request "a proper Judgment that will be used to support the recourse of the Order for Summary Eviction and Criminal Complaint initiated by the State of Nevada for Unlawful Reentry." ECF No. 33 at 25. That is an appeal of the state court eviction order, which is barred by the *Rooker-Feldman* doctrine. The relief the Plaintiffs seek must come from the state court.

The Supreme Court of the United States has "warned that the lower courts have at times extended *Rooker-Feldman* far beyond the contours of the *Rooker* and *Feldman* cases . . . ." *Lance*, 546 U.S. at 464 (simplified). While the *Rooker-Feldman* doctrine is directly applicable here to bar the plaintiffs' lawsuit, I will also analyze Atlas' other grounds for dismissal out of an abundance of caution.

First, even liberally interpreting the complaints in favor of the plaintiffs, this court cannot exercise jurisdiction over this case. This court has two bases for jurisdiction: diversity of citizenship or a federal question. Diversity jurisdiction does not exist here because the plaintiffs and at least some of the defendants are Nevada residents. *See* 28 U.S.C. § 1332(a)(1) (diversity jurisdiction exists when the parties are citizens of different states). Federal question jurisdiction does not exist because the plaintiffs' complaints assert no federal statute or Constitutional provision as a basis for their claims. *See* 28 U.S.C. § 1331 (federal question jurisdiction exists for "actions arising under the Constitution, laws, or treaties of the United States"). The plaintiffs

refer to federal statutes and the Constitution in their opposition to Atlas' motion. ECF No. 33 at 6, 15-21. But those provisions are not mentioned in the complaints, and referring to them in opposition to the motion does not save it. Thus, this court lacks jurisdiction over this case.

Even if jurisdiction exists, Atlas correctly points out that plaintiffs Aujene Jecole Whorton, Isaiah Demoss, and Natasha Demoss lack standing to bring claims because they do not allege they were parties to the lease of the premises or otherwise had a protectible property interest in the residence. *Gunny v. Allstate Ins. Co.*, 830 P.2d 1335, 1335–36 (Nev. 1992) (plaintiff lacked standing to sue because he had no contractual relationship with the defendant).

Finally, the plaintiffs' complaints (construing all three together) are confusing and fail to clearly state a claim for relief. The second amended complaint (ECF No. 9) is rife with gibberish and quasi-legal jargon that makes no sense. It is unclear what claims the plaintiffs are trying to assert, how each of the defendants injured the plaintiffs, and what damages are sought. Thus, I will dismiss the complaint. But because it may be possible for the plaintiffs to assert a claim over which this court would have jurisdiction, I will grant them leave to file another amended complaint.

**The County Defendants' Motion to Dismiss (ECF No. 37)**

Defendants North Las Vegas Township Constable, North Las Vegas Justice Court, North Las Vegas Township, and Justice of the Peace Natalie Tyrell (collectively, the County Defendants) also move to dismiss the complaint for a variety of reasons. ECF No. 37. While the *Rooker-Feldman* doctrine bars the plaintiffs' claims against these defendants, I also grant the County Defendants' motion on other grounds out of an abundance of caution.

The North Las Vegas Justice Court issued the eviction order. Justice Courts are "arms of the state" of Nevada and are entitled to sovereign immunity from damages. *Spottedbear v.*

*Sheahan*, No. 3:18-cv-00374, 2019 WL 1197697, at *2 (D. Nev. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL 1177959 (D. Nev. Mar. 13, 2019). *See also Schneider*, 17 F. Supp. 2d at 1165 (justice courts have "judicial and sovereign immunity from damages"); *Rosemore v. Mineral Cnty. Sheriff's Office*, 3:21-cv-00451-RCJ-CLB, 2022 WL 617639, at *3 (D. Nev. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 617567 (D. Nev. Mar. 2, 2022) (same). Thus, I dismiss the Justice Court with prejudice as amendment would be futile.

      Justice of the Peace Tyrell (who issued the eviction order on behalf of the Justice Court) and the North Las Vegas Constable (who executed the order) are immune from suit. "Judicial immunity is a common law doctrine developed to protect judicial independence. . . . It bars suits against judges, and other officials who exercise discretionary judgment similar to that of judges, when the plaintiff's suit is predicated on actions taken in the judge's judicial capacity." *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018). Justice Tyrell was acting in her judicial capacity in issuing the eviction order, so she is entitled to judicial immunity. "[A] similar immunity has also been extended to protect non-judicial officers, like sheriffs, who are sued merely for carrying out a non-discretionary duty to execute lawfully issued court orders." *Id*. at 1103–04; *see also Moorish Science Temple of Am. v. Christiana Trust*, 2019 WL 11503090 at *3 (C.D. Cal. 2019) (officers are entitled to "absolute immunity . . . for serving an eviction order"). Thus, the North Las Vegas Constable is immune from suit here as well. I dismiss Justice Tyrell and the North Las Vegas Township Constable with prejudice as amendment would be futile.

      Nor can the plaintiffs sue the North Las Vegas Township. The Township is a creation of, and a part of, Clark County, separate and distinct from the City of North Las Vegas. *See* Nev. Rev. Stat. § 257.010 (authorizing county commissioners to establish townships). Townships are essentially divisions of their respective political subdivisions (here, Clark County). Individual

5

departments and divisions of the state and counties cannot be sued in their own names. *Craig v. Donnelly*, 439 P.3d 413, 415 (Nev. App. 2019). Rather, the action must be brought against the state or political subdivision of the state and it "must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." Nev. Rev. Stat. § 41.031. The plaintiffs did not name Clark County as a defendant, as required by § 41.031(2). The claims against the Township must be dismissed.

**The Plaintiffs' motions (ECF Nos. 10, 19, 21, 42, 45)**

Because I am dismissing the complaints, I deny the plaintiffs' motion for summary judgment (ECF No. 21).

Because I am dismissing the complaints, the Plaintiffs cannot show a likelihood of success on the merits of their claims. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Nor do the plaintiffs raise serious questions going to the merits of their claims. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Therefore, they cannot prevail on their motion for a preliminary injunction (ECF No. 10), so I deny it. The plaintiffs' emergency motion for writ of attachment (ECF No. 45) is fatally flawed for the same reason, so I deny that as well.

The plaintiffs move to set aside my prior order (ECF No. 13) allowing defendant Atlas NV, LLC additional time to respond to the plaintiffs' motion for preliminary injunction. ECF No. 19. The plaintiffs offer no valid reason for me to reconsider or set aside my prior order, so I deny it.

The plaintiffs move to strike the County Defendants' motion to dismiss as untimely. ECF No. 42.  The County Defendants' motion is timely and the plaintiffs offer no valid reason to strike it.  I therefore deny the motion to strike.

**Leave to Amend**

It may be possible for the plaintiffs to assert claims against Atlas and Clark County on relation of the North Las Vegas Township or some other department or subdivision of the County.  Therefore, I will grant the plaintiffs leave to file another amended complaint if sufficient facts exist to support such claims.  I caution the plaintiffs that they may not use this lawsuit as a *de facto* appeal of the state court eviction order, as that is barred by the *Rooker-Feldman* doctrine as discussed above.  And each of the plaintiffs must have standing to assert the claims in the amended complaint.  Each claim should allege facts sufficient to show what each defendant did to cause harm to each of the plaintiffs.

If the plaintiffs choose to file an amended complaint, they are advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[2]  This means the amended complaint must contain all claims, defendants, and factual allegations they wish to pursue in this lawsuit.  The plaintiffs are to title their new complaint as their "Third Amended Complaint."  They must file it by **February 6, 2023**.  If they fail to do so, this case will be closed.

Previously, Magistrate Judge Koppe ordered the plaintiffs to file proof of service of process by February 1, 2023.  Because I am granting leave to amend, I will extend that deadline.

---

[2] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege them in a subsequent amended complaint to preserve them for appeal).

If the plaintiffs file a Third Amended Complaint, they must file proof that they have served that document and a summons on all remaining defendants within 90 days of it being filed. *See* Fed. R. Civ. P. 4(c) and (m).

**Conclusion**

I THEREFORE ORDER that the North Las Vegas Police Dept. and North Las Vegas Detention Center's motion to dismiss **(ECF No. 14) is granted**. All claims against those defendants are dismissed with prejudice.

I FURTHER ORDER that Atlas NV, LLC's motion to dismiss **(ECF No. 29) is granted**. All claims against Atlas are dismissed without prejudice.

I FURTHER ORDER that the North Las Vegas Township Constable, North Las Vegas Justice Court, North Las Vegas Township, and Justice of the Peace Natalie Tyrell's motion to dismiss **(ECF No. 37) is granted**. All claims against those defendants are dismissed with prejudice, although the claims against the Township may be asserted against Clark County, as permitted under Nev. Rev. Stat. § 41.031(2), if facts exist to do so.

I FURTHER ORDER that the plaintiffs' pending motions **(ECF Nos. 10, 19, 21, 42, 45) are denied.**

I FURTHER ORDER that the plaintiffs may file an amended complaint curing the defects pointed out above, if facts exist to do so. If the plaintiffs choose to file another amended complaint, they are to title it their Third Amended Complaint. The plaintiffs will file their Third Amended Complaint by **February 6, 2023**. If they fail to do so, this case will be closed. If the

////

////

////

plaintiffs file a Third Amended Complaint, they must file proof that they have served that document and a summons on all remaining defendants within 90 days of the complaint being filed.

DATED this 3rd day of January, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE